Filed 7/1/21  Conservatorship of Troy M. CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| Conservatorship of the Person of Troy M. | |
| CONTRA COSTA COUNTY PUBLIC GUARDIAN, as Conservator, etc., <br><br> Petitioner and Respondent, <br><br> v. <br><br> TROY M., <br><br> Objector and Appellant. | A160471 <br><br> (Contra Costa County Super. Ct. No. MSP19-00029) |

Troy M. was found incompetent to stand trial on murder and assault charges.  In April 2019, the court appointed the Contra Costa County Public Guardian (public guardian) as his conservator under the Lanterman–Petris–Short (LPS) Act (Welf. & Inst. Code, § 5000 et seq.) and determined that a secured state hospital was the most appropriate placement for Troy.[1]  In October 2019, the parties agreed to modify Troy's placement to the level of a mental health rehabilitation center (MHRC) or an institution for mental disease (IMD) if feasible and if not then a state hospital.  In May 2020, Troy's

---

[1] We use the conservatee's first name only, to protect his privacy; we mean no disrespect.  (Welf. & Inst. Code, § 5325.1, subd. (b); Cal. Rules of Court, rule 8.90(b)(2).)

1

counsel moved to compel immediate placement of Troy in a mental health treatment facility. The court denied the motion.

On appeal, Troy argues that the court erred in denying the motion, as it had the authority to order the immediate transfer of Troy to an appropriate treatment facility and should have exercised that authority. While both parties agree that Troy's claims are now moot because he has since been placed in an appropriate facility, Troy asks us to consider the appeal notwithstanding its mootness. We decline to do so and dismiss the appeal as moot.

## FACTUAL AND PROCEDURAL BACKGROUND

On September 19, 2018, Troy was charged by information with murder (Pen. Code, § 187, subd. (a)) and assault with force likely to cause great bodily injury (*id.*, § 245, subd. (a)(4)). Troy was subsequently found incompetent to stand trial under Penal Code section 1370.

On January 4, 2019, a petition was filed for the appointment of a conservator pursuant to Welfare and Institutions Code sections 5350 and 5008, subdivision (h)(1)(B), under the LPS Act, commonly referred to as a Murphy conservatorship. A Murphy conservatorship may be established when: (1) a person satisfies the definition of "gravely disabled" through a finding that he or she is mentally incompetent under Penal Code section 1370; and (2) there is a pending information against the person that charges a felony involving death, great bodily harm, or a serious threat to the physical well-being of another person. (Welf. & Inst. Code, § 5008, subd. (h)(1)(B)(i); *People v. Karriker* (2007) 149 Cal.App.4th 763, 774–775.) For a Murphy conservatee, "first priority shall be placement in a facility that achieves the purposes of treatment of the conservatee and protection of the

2

public." (Welf. & Inst. Code, § 5358, subd. (c)(2).) "The court shall determine the most appropriate placement for the conservatee." (*Ibid.*)

On April 16, 2019, Troy accepted appointment of the conservatorship through his counsel. On April 22, 2019, the court entered an order appointing the public guardian as Troy's conservator and designating a secured state hospital as the most appropriate placement for Troy.

On August 9, 2019, counsel for Troy petitioned the court for a placement hearing. The hearing date was subsequently continued. On October 8, 2019, the court was informed of the parties' agreement to vacate the hearing and modify Troy's placement to the level of an MHRC or IMD if feasible and if not then a state hospital. The court was also informed that Troy had an appointment on October 14th with a facility for potential placement, California Psychiatric Transitions (CPT).

On October 28, 2019, the court entered an order designating an MHRC/IMD as the most appropriate placement for Troy if feasible and if not feasible then a state hospital. The court was informed that Troy was not accepted for admission by CPT.

On November 5, 2019, the court was informed that Troy sought alternative placement and continued the matter. Over the next several months, the court was informed that Troy was on the Napa state hospital waitlist and that several other potential placements were "maxed out." The court was also informed that CPT had declined to accept Troy for placement a second time.

On May 6, 2020, counsel for Troy moved to compel immediate placement of Troy in a mental health facility. At the hearing, the court was informed that Troy remained on the Napa state hospital waitlist and had been referred for placement at an MHRC, Crestwood Behavioral Health in

Vallejo. The public guardian had also learned that three IMD facilities were not accepting Murphy referrals and two IMD facilities would not accept Murphy referrals from Contra Costa County.

The court denied the motion to compel placement, concluding that it could order the public guardian to submit referrals to all entities with which it contracts but could not compel additional contracting with other facilities. The court ordered the public guardian to submit referrals to all contracted MHRC/IMD facilities and to inquire as to whether Troy could be on the waitlist for more than one state hospital.

On July 8, 2020, Troy filed a notice of appeal. The public guardian represents that on July 30, 2020, Troy was released from criminal custody and subsequently placed at CPT.

## DISCUSSION

As a general rule, it is the duty of an appellate court " ' "to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it." ' " (*Eye Dog Foundation v. State Board of Guide Dogs for the Blind* (1967) 67 Cal.2d 536, 541.) "A case is considered moot when 'the question addressed was at one time a live issue in the case,' but has been deprived of life 'because of events occurring after the judicial process was initiated.' " (*Wilson & Wilson v. City Council of Redwood City* (2011) 191 Cal.App.4th 1559, 1574.)

"The pivotal question in determining if a case is moot is therefore whether the court can grant the plaintiff any effectual relief." (*Wilson & Wilson v. City Council of Redwood City, supra*, 191 Cal.App.4th at p. 1574.)

4

Here, Troy has been placed in an appropriate facility, and thus he cannot be afforded any effectual relief by this appeal.  The case is accordingly moot.

It is true, however, that "the general rule regarding mootness 'is tempered by the court's discretionary authority to decide moot issues.' " (*People v. Pipkin* (2018) 27 Cal.App.5th 1146, 1150.)  "[I]f a pending case poses an issue of broad public interest that is likely to recur, the court may exercise an inherent discretion to resolve that issue even though an event occurring during its pendency would normally render the matter moot." (*In re William M.* (1970) 3 Cal.3d 16, 23.)

Troy argues that we should consider this appeal because the delay in transferring him to an appropriate placement was "due to long waitlists and insufficient beds," an issue that "affects current and future Murphy conservatees . . . ."  The record, however, reflects that Troy was referred to multiple treatment facilities during this period but was twice rejected for admission before he was ultimately placed into a facility.  Troy presents no argument or authority that such circumstances present an "issue of broad public interest that is likely to recur . . . ." (*In re William M., supra*, 3 Cal.3d at p. 23.)  We thus decline to exercise our discretion to address Troy's admittedly moot claims.

## DISPOSITION

The appeal is dismissed as moot.

_____
Jackson, J.

WE CONCUR:


_____
Fujisaki, Acting P. J.


_____
Petrou, J.

A160471/*Contra Costa County Public Guardian v. Troy M.*

6